**UNITED STATES DISTRICT COURT**
**SOURTHERN DISTRICT OF NEW YORK**

---

**TIARA JACKSON,**

                    Plaintiff,

    -against-

**THE CITY OF NEW YORK;**
**CAPTAIN JOE A. PULGARIN;**
**OFFICER MICHAEL MONAHAN;**
**JOHN/JANE DOE NOS. 1–5,**

                Defendants.

Index No.: 22-cv-508

**AMENDED COMPLAINT**

---

Plaintiff Tiara Jackson, by her attorneys, Rickner PLLC, complaining of the Defendants, alleges upon information, belief, and personal knowledge:

## NATURE OF THE CASE

1. This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

2. Plaintiff demands a jury trial.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and pursuant to state and local law for violations of Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, the common laws of New York, and the

administrative code of the City of New York.

4. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

5. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim with the New York City Comptroller and the Comptroller designated the claim as number 2021PI001441.

6. Plaintiff appeared for a hearing under New York State General Municipal Law § 50-h on April 23, 2021.

7. Plaintiff's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

8. Venue is properly laid Southern District of New York, because the Plaintiff's claims arose in the County of the Bronx, which falls within the jurisdiction and venue of the Southern District of New York.

## PARTIES

9. Plaintiff Tiara Jackson ("Plaintiff") is, and was at all times relevant to this action, a resident of Westchester County in the State of New York.

10. Defendant CITY OF NEW YORK ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

11. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

12. Defendant CAPTAIN JOE A. PULGARIN (Shield No. N/A) (hereinafter "Pulgarin")

was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

13.   Captain Pulgarin is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

14.   Captain Pulgarin is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

15.   Defendant OFFICER MICHAEL MONAHAN (Shield No. 7987; Tax ID No. 955210) (hereinafter "Monahan") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

16.   Officer Monahan is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

17.   Officer Monahan is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

18.   Defendant John/Jane Does Nos. 1–5   (hereinafter "Doe Defendants") were at all relevant times described herein NYPD officers, employed by the City of New York. At all relevant times described herein the Does Defendants were acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment. The Doe Defendants are sued in their individual capacities.

19.   The true names and shield numbers of the Doe Defendants are not currently known to the Plaintiff. However, the Doe Defendants are employees or agents of the NYPD. Accordingly,

they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law§ 50-k. The Law Department, then, is hereby put on notice that (a) Plaintiff intends to name said officers as defendants in an amended pleading, once the true names and shield numbers are known; and (b) the Law Department should immediately begin preparing the Doe Defendants' defenses.

20.   Captain Pulgarin, Officer Monahan, and the Doe Defendants are collectively referred to herein as the "Individual Defendants."

21.   At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

22.   At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

23.   On October 21, 2020, Plaintiff was leaving a food establishment in the vicinity of 4700 White Plains Road to meet her boyfriend down the block.

24.   As she walked up to the meeting place, Plaintiff saw a large group of NYPD officers kneeling on top of and surrounding her boyfriend, who was cuffed and face down on the ground.

25.  The officers were punching, kicking, elbowing, tasing, and otherwise assaulting

Plaintiff's boyfriend while effectuating the arrest.

26.   Concerned for his safety, Plaintiff began filming the encounter. At no time did Plaintiff attempt to interfere with the arrest. In fact, she remained almost completely silent while she filmed, taking steps backward when ordered to do so by the Individual Defendants.

27.   While she was filming, Defendant Captain Pulgarin, a Lieutenant at the time, saw Plaintiff recording and attempted to swipe the phone from her hand.

28.   Pulgarin then jumped from the pile of officers effectuating the arrest (where he was punching Plaintiff's boyfriend in the back), and grabbed Plaintiff by the wrist as she moved backward, again attempting to grab her phone from her hand.

29.   Plaintiff kept recording while continuing to back away. Pulgarin pursued her, slapped her phone out of her hand, and shoved her in the chest toward the street, causing her to stumble backward.

30.   Fearing for her physical safety, Plaintiff tried to leave the scene altogether, crossing the street to the opposite corner.

31.   One of the Doe Defendants aggressively pursued Plaintiff and pointed her out to Pulgarin as someone who filmed the use of force against her boyfriend.

32.   Pulgarin responded by sprinting across the intersection where Plaintiff was walking in the opposite direction, grabbing her by the neck of her sweatshirt, choking her in the process.

33.   Pulgarin then wrapped his arms around Plaintiff from behind into a bear hug position and picked her up off the ground, as if about the body slam her onto the concrete. Before he could do so, an unknown officer intervened and told Pulgarin to put her down.

34.   As Pulgarin set Plaintiff down, he pushed her with full force up against a metal gate, causing her entire body, including her face, to slam against the wall.

35.   As this was happening, a number of additional officers, including Defendant Monahan, ran over to assist Pulgarin in his false arrest of Plaintiff.

36.   While Pulgarin physically cuffed Plaintiff, he then handed her over to Monahan, who served as her arresting officer, transporting her back to the precinct and processing her.

37.   At the 47th precinct, when Plaintiff asked Monahan why she was arrested, he stated that he did not know the basis of her arrest and would need to ask the other officers. At no point prior to the arrest and processing did Monahan have any personal knowledge of, nor was he informed of, any facts that would give rise to probable cause to arrest Plaintiff.

38.   Plaintiff was held at the precinct and eventually charged with disorderly conduct. Monahan signed the criminal court summons, falsely stating that Plaintiff refused multiple lawful orders to disperse and, as a result, caused a crowd to gather.

39.   This charge was malicious and retaliatory, particularly because the Individual Defendants violently assaulted and pursued Plaintiff after the left the scene, and attempted multiple times to grab her phone and prevent her from filming the arrest of and assault on her boyfriend.

40.   This tactic is not uncommon within the NYPD, whose officers often retaliate against bystanders who are attempting to film or otherwise respond to police misconduct.

41.   These wrongful charges against Plaintiff were dismissed on January 12, 2021.

### THE INDIVIDUAL OFFICERS' HISTORY OF MISCONDUCT

42.   The named Individual Defendants have a history of violating people's civil rights while employed by the NYPD, yet the City has failed to meaningfully train or intervene in this misconduct, or discipline officers for violating the rights of those they are tasked to protect.

43.   Upon information and belief, Defendant Monahan has been named as a defendant in

at least four civil rights lawsuits, two of which ended in settlement in state court,[1] and two of which are pending in the Southern District of New York.[2] The allegations against Monahan include stops without probable cause, false arrests, and fabricating evidence to support false charges.

44.   Captain Pulgarin has also been named as a defendant in at least two civil rights actions, and has had at least nine civilian complaints made against him to the Civilian Complaint Review Board ("CCRB"), including allegations of unlawful physical force. In one civil action, Pulgarin was accused of stopping a civilian without probable cause and assaulting him, necessitating emergency medical care.[3]

45.   In another suit, which settled for $75,000, Pulgarin was accused of falsely arresting three individuals and conspiring to fabricate evidence against them, which led to false charges.[4] The superseding information in the case, which included false statements of material fact, was sworn to by Pulgarin. During the underlying criminal action, which resulted in an acquittal, Pulgarin testified that he was instructed by his employer to arrest "about eight" people a month.

46.   Despite these repeated incidents of misconduct, the City of New York of New York has failed to meaningfully discipline or properly supervise the Individual Officers, ratifying and condoning their conduct by refusing to discipline them, and, in Pulgarin's case, continuing to promote him in the wake of these civil rights violations.

---

[1] *See Hernandez v. City of New York, et al.*, Index No. 302544/2015 (Sup. Ct., Bronx Co. 2015); *Smith v. City of New York et al.*, Index No. 021390/2105E (Sup. Ct., Bronx Co. 2015).

[2] *See Franks at al. v. City of New York et al.*, Case No. 16-cv-09938 (S.D.N.Y. 2016); *Diaz v. City of New York*, Case No. 17-cv-01844 (S.D.N.Y. 2017).

[3] *See Brown v. Pulgarin*, Case No. 17-cv-01677 (S.D.N.Y. 2017).

[4] *See Dabreo et al. v. City of New York et al.*, Case No. 11-cv-01473 (E.D.N.Y. 2011).

## THE INJURIES TO PLAINTIFF

47.   This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to her person, that Plaintiff was forced to endure as a consequence of the Individual Defendants decidedly wrongful actions.

48.   The Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages, as is the City under the doctrine of *respondeat superior* for all state law claims.

49.   All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## FIRST CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

50.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51.   The Individual Defendants, and specifically Captain Pulgarin, used repeated, unlawful, and vicious physical force against Plaintiff.

52.   Plaintiff's seizure and detention at the hands of the Individual Defendants was made in the absence of probable cause that she committed any crime or violation. The unwanted physical contact was therefore unlawful and unconstitutional.

53.   Even assuming, arguendo, that Plaintiff's arrest was lawful, the Individual Defendants, and especially Captain Pulgarin, engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to Plaintiff.

54.   That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was

deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

55.  As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

56.  As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

57.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58.  The Individual Defendants restrained and arrested Plaintiff without probable cause, and in retaliation for filming the use of excessive force against Plaintiff's boyfriend.

59.  That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

60.  As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

61.  As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**THIRD CLAIM FOR RELIEF:**
**PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

62.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

63.   The Individual Defendants  initiated a prosecution against Plaintiff without probable cause and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

64.   That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution to be free from prosecution without probable cause, and the Individual Defendants are liable to Plaintiff for damages under 42 U.S.C. § 1983.

65.   As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

66.   As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**FOURTH CLAIM FOR RELIEF:**
**DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

67.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

68.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

69.   The Individual Defendants provided false evidence and statements to the prosecution, defense counsel, and court, including statements that she refused direct orders and caused a crowd

to gather.

70.  That by virtue of the aforementioned acts, Plaintiff was deprived of due process and trial rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution to be free from prosecution based on false statements, and the Individual Defendants are liable to Plaintiff for damages under 42 U.S.C. § 1983.

71.  As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

**FIFTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

72.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

73.  The Individual Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had opportunities to do so.

74.  In fact, the Individual Defendants, including Monahan, worked to help bolster and cover up the lies use of excessive force perpetrated by Pulgarin, who led and directed the assault on Plaintiff.

75.  The Individual Defendants thereby displayed deliberate indifference to Plaintiff's civil rights, including Plaintiffs right to be free from unreasonable and unlawful searches and seizures, be free from the use of excessive force, and be free from prosecution without probable cause or supported by false statements.

76.  The Individual Defendants agreed among themselves and with other individuals to act in concert, and thus conspired to deprive Plaintiff of clearly established civil rights.

77.   That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual Defendants are liable to Plaintiff for damages under 42 USC § 1983.

78.   As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of her liberty.

79.   As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## SIXTH  CLAIM FOR RELIEF:
### *MONELL* CLAIMS AGAINST THE CITY OF NEW YORK

80.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

81.   The City of New York is liable for the conduct of the Individual Defendants under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978), because the driving force behind these constitutional violations were the *de facto* and explicit policies and practices of the NYPD and the City of New York.

82.   The NYPD has a pattern and practice of interfering with and retaliating against persons who try and capture police misconduct on camera, and failing to properly train and discipline officers for this misconduct. Officers interfere with lawful bystander recording by:

   a.   Attempting to steal and/or destroy the phone or camera;

   b.   Pursuing and assaulting the person photographing/filming;

   c.   Arresting the person photographing/filming;

   d.   Charging the person with bogus violations or crimes;

   e.   Fabricating evidence to support the bogus charges; and/or

      f.  Maliciously prosecuting the person based on this false evidence.

83.  These unconstitutional practices, which violate the First, Fourth, and Fourteenth rights of Plaintiff and others like her, are so common and widespread that they amount to the official custom and *de facto* policy of the NYPD. For example:

      a.  In 2017, NYPD officers a man began to film officers with his cell phone as they were hitting and punching his cousin while effectuating an unlawful arrest. The officers came up to the man, grabbed him, and hit his phone out of his hand, causing it to break. They then wrongfully arrested the man in retaliation, and fabricated charges of resisting arrest and obstructing governmental administration ("OGA").[5]

      b.  Similarly, a man was arrested in 2014 after filming NYPD officer questioning another civilian, despite repeatedly stepping back when instructed to do so by the officers. The man was threatened with a disorderly conduct charge, but continued filming. The officers then twisted his arm, stole his cellphone, and charged with OGA and disorderly conduct.[6]

      c.  On June 15, 2016, a man filmed NYPD officers from inside of his apartment as they pointed a gun at a civilian. A sergeant then unlawfully entered the man's apartment and falsely arrested him in retaliation.[7]

      d.  Just days before, another NYPD officer arrested a man and charged him with

---

[5] *See Fredericks et al. v. City of New York et al.*, Case No. 18-cv-3888 (S.D.N.Y. 2018).

[6] *See An v. City of New York, et al.*, Case No. 16-cv-05381 (S.D.N.Y. 2014).

[7] *See* John Marzulli, "See It: Infamous NYPD Sergeant Points Gun at Man Recording Her, Then Busts Into Apartment and Arrests Him," New York Daily News (June 5, 2016), *available at* http://www.nydailynews.com/new-york/brooklyn/nypd-sergeant-aims-gun-man-recording-illegal-search-article-1.2661248?cid=bitly.

disorderly conduct, merely for filming the officers as they handcuffed a woman.[8]

e.  In May 2016, a man filmed an NYPD officer who was arresting another individual. In response, the officer pointed his loaded gun at the man and then punched him.[9]

f.  In March 2016, two activists filmed an interaction between two NYPD officers and a man who appeared to be an Emotionally Disturbed Person ("EDP"). One of the officer pushed one of the activists before placing him into a headlock. The officers subsequently arrested and charged both activists with obstructing governmental association and disorderly conduct.[10]

g.  Ramsey Orta, the man who filmed the 2014 police killing of Eric Garner on Stated Island in 2016, was subsequently harassed Orta for months after Garner was killed, including arresting him on fabricated charges of assaulting his wife.[11]

h.  NYPD officers arrested a man in 2015 for filming the officers interrogating a man in a public park in the middle of the night. The officers explicitly told the bystander that he was under arrest because he decided to film them.[12]

i.  NYPD officers in the Bronx chased down a teenage boy, assaulted him, and placed

---

[8] See John Marzulli, "Exclusive: NYPD Accused of Arresting Man for Recording Video of Cops Cuffing Woman," New York Daily News (June 16, 2016), *available at* http://www.nydailynews.com/new-york/nypd-accused-arresting-man-recording-video-cops-article-1.2675620.

[9] See "Man Speaks Out After Filming Arrest in Which NYPD Officer Pointed Gun at Him," Pix11 (May 23, 2016), *available at* http://pix11.com/2016/05/23/man-speaks-out-after-filming-arrest-in-which-nypd-officer-pointed-gun-at-him/.

[10] See Victoria Law, "It's 2016 & the NYPD Will Still Arrest You for Filming Them," Gothamist (Mar. 7, 2016), *available at* http://gothamist.com/2016/03/17/nypd_arrest_video_edp.php.

[11] See Ben Keller, "NYPD Arrest Ramsey Orta, Man Who Recorded Eric Garner Death, for Recording Too Closely," Photography Is Not a Crime (Mar. 19, 2016), *available at* http://photographyisnotacrime.com/2016/03/19/nypd-arrest-ramsey-orta-man-who-recorded-eric-garner-death-for-recording-too-closely/.

[12] See *Teitell v. City of New Yorki, et al*., Case No. 15-cv-4187 (E.D.N.Y. 2015).

him under arrest after he filmed the officers attack and threaten two young girls.[13]

84.  The aforementioned examples only begin to touch on the decades' long assault by the NYPD on civilians who attempt to capture official misconduct and are met with retaliatory violence and/or depravations of their liberty.

85.  Despites decades and decades of similar litigation, civilian complaints, documentary evidence, and thousands of stories alleging similar conduct, the City has failed in its duty to properly train, supervise, or discipline its officers for such conduct.

86.  Instead, the City ratifies such behavior by allowing such conduct to persist without consequence and in violation of the constitutional rights of the people of the City of New York.

87.  As a result of these unconstitutional customs, policies, and practices, as well as the City's continued failure to proper train, supervise, or discipline its officers regarding lawful First Amendment practices like filming or photographing police activity, the City of New York is liable for any damages caused by the Individual Defendants, except for punitive damages.

**SEVENTH CLAIM FOR RELIEF:**
**ASSAULT AGAINST THE INDIVIDUAL DEFENDANTS**
**AND THE CITY OF NEW YORK**

88.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

89.  The Individual Defendants intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act, which threatened such contact to the

---

[13] Jennifer Cunningham, "Teens say they were beaten by cops in Bronx park," New York Daily News (Aug. 29, 2013), available at http://www.nydailynews.com/new-york/bronx/teens-mauled-cops-article-1.1440394#ixzz2eVh68jgw.

Plaintiff, and that such acts caused apprehension of such contact in Plaintiff.

90.  As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

91.  As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

92.  The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## EIGHTH CLAIM FOR RELIEF:
## BATTERY AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK

93.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

94.  The Individual Defendants intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff and handcuffed him without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

95.  As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

96.  As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

97.  The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**NINTH  CLAIM FOR RELIEF:**
**FALSE ARREST AND FALSE IMPRISONMENT AGAINST**
**THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK**

98.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

99.  Plaintiff was arrested, handcuffed, and detained in the absence of probable cause by the Individual Defendants.

100. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

101. Plaintiff was conscious of the confinement and did not consent to such confinement.

102. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

103. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

104. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**TENTH CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL DEFENDANTS**
**AND THE CITY OF NEW YORK**

105. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

106. The Individual Defendants initiated a prosecution against Plaintiff without probable cause, and with malice, and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

107. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

108. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

109. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**ELEVENTH CLAIM FOR RELIEF:**
**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**
**AGAINST THE CITY OF NEW YORK**

110. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

111. The City of New York negligently hired, screened, retained, supervised, and trained the Individual Defendants with regards to uses of force against innocent and non-violent bystanders who are attempting to film the police.

112. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

113. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

114. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

115. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**TWELFTH  CLAIM FOR RELIEF:**
**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK**

116. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

117. The Individual Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

118. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

119. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

120. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**THIRTEENTH CLAIM FOR RELIEF:**
**VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**AND THE CITY OF NEW YORK**

121. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

122. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, including the following rights:

    a.   freedom from unreasonable search and seizure of her person and property;

    b.   freedom from arrest without probable cause;

    c.   freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention

plaintiff was aware and did not consent;

d.   freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

e.   freedom from deprivation of liberty without due process of law.

f.   freedom of speech and assembly;

123. As a direct and proximate result of these deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, .

124. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

125. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

126. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

127. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
   April 4, 2022

Rickner PLLC

By:   /s/

    Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*